THE COUNTY COURT OF ST. LOUIS COUNTY EX REL. JENKS, APPELLANT v. FASSETT ET AL.

**Coal Oil Inspector:** LIABILITY OF, FOR VIOLATION OF OFFICIAL DUTY. The law concerning the inspection of coal and petroleum oils, made it the duty of the inspector, when notified, to inspect such oils, and to brand the barrels containing them "approved" or "rejected," according as they did or did not come up to the legal standard, and to secure the faithful performance of his duties, required him to give a bond with sureties, for the use of all persons who might be aggrieved by his acts or neglect. The defendant, an inspector, branded some empty oil barrels "approved," and left them with a manufacturer, who filled them with oil below the test, and without having it inspected by defendant, sold one of them to a dealer, who sold a gallon of the oil to plaintiff, whose wife was killed by the explosion of a lamp filled with some of it. *Held*, that defendant was guilty of a breach of duty for which plaintiff could maintain an action on his official bond.

*Appeal from St. Louis Circuit Court.*

The case was tried at special term before HON. JAMES K. KNIGHT, one of the judges.

The statute under which the suit is brought is as follows:

SEC. 1. The Governor shall appoint an inspector * * * * * whose duty shall be to examine and test the quality of all coal or petroleum oils; * * * that he shall be requested by any manufacturer, &c., to examine; and, if upon such testing or examination, the oils or fluids so tested, shall meet the requirements hereinafter specified, he shall fix his brand and device "approved," with date upon the package, &c., containing the same, and it shall be lawful for any manufacturer or dealer to sell the same as an illuminator. But if the oil, so tested, shall not meet the requirements, he shall mark upon each package, &c., "rejected for illuminating purposes," under his name; and it shall be unlawful for the owner to sell for illuminating purposes, &c. Gen. Stat. 1865, p. 435.

*Krum & Patrick* for appellant.

The injury is not too remote to entitle the relator to recover. The office of inspector was created but for one object, viz: to surround the lives and property of the people of this community with as many safeguards as the law could contrive against the sale of dangerous burning oils. It was designed to prevent the sale of oil below a certain standard. If the officer, when called upon to inspect oil, should brand it "approved," when he should have branded it "rejected," he would violate an express statutory duty; and it is none the less a violation of his duty if there is no oil at all in the barrels when he affixes his brand "approved." In the present case, by defendant's own act, a deliberate and willful one, this engine of calamity and death, was sold to the relator with all his symbols of office upon it, to express to the relator that he might safely buy and use it. Can it be said that when his wife lost her life by the explosion of that oil, her death was not a consequence of his act and neglect, or the connection between his act and neglect, and her death is not easily

made? The defendant put the power of death in motion, and the dealer was his innocent agent in the work of destruction, selling in reliance upon the brand "approved." It was the false representation of the brand that led to the injury. Defendant is responsible for the consequences. Wharton on Negligence, § 145; *Burrows v. March Gas Co.*, L. R. 5 Exch. 67; S. C. L. R. 7 Exch. 96. The relator is a party aggrieved within the meaning of the statute. *McCarthy v. Guild*, 12 Met. 291; and may maintain an action for the fatal injury to his wife. Wag. Stat. 147, § 3.

SHERWOOD, C. J.—Action on the official bond of Alfred K. Fassett, inspector of coal and petroleum oils for the city of St. Louis, brought to the use of Cline Jenks, whose wife was killed by a lamp explosion, which explosion was brought about and caused by Fassett's neglect of and dereliction from official duty, in that he failed, neglected, &c., to perform the duties of his office. The bond sued was executed March 25th, 1869, and this suit instituted March 9th, the year following. A demurrer questioned in the court below the sufficiency of the petition, and successfully, which gave origin to this appeal. The breach declared on is alleged to have occurred in January 1870, and this suit is brought under the law as existing anterior to the act of March 24th, 1870. (1 W. S. 729.)

Chapter 105, Genl. Stats. 1865, p. 436, section 7, requires every person appointed inspector of coal and petroleum oils, to execute a bond to the county court of St. Louis county, conditioned for the faithful performance of the duties imposed by the act, and such bond is "for the use of all persons aggrieved by the acts or neglect of such inspector." And section 15, Genl. Stat., p. 605, provides that in all cases where a suit is authorized to be prosecuted by any person on an official bond, the suit shall be brought in the name of the State or other obligee named in the bond, and to the use of the party suing. The demurrer confesses the breach assigned to be true, confessing thereby

in substance this charge; that Fassett, in default and breach of the conditions of his official bond, branded 100 empty casks as "approved;" that these casks belonged to Cobb & Co., manufacturers of coal and other oils; that afterwards Cobb & Co. filled the casks with oil below the test, and Fassett neglected and refused to inspect the same; that afterwards Cobb & Co. sold one of these casks thus branded, and thus filled with oil below test, to one O'Connel, a grocer, who sold a gallon of the oil to the family of the relator; that a lamp filled therewith exploded, causing the death of relator's wife. It is to be observed that the statute respecting the inspection of coal and other oils, is very broad. The privilege of suing on the bond in the name of the county court, is given to every one "aggrieved by the acts or neglect of such inspector." But for the inspector's dereliction of the duties which the law imposed upon him, it would have been beyond the power of the manufacturers to have put upon the market, and successfully sold as genuine and safe an article of oil, the sale of which the law condemned, and which the inspector was required to brand accordingly. The fact that the manufacturers were, under section 4 of the same chapter, also liable to an action, by no means shields the inspector from liability. We, therefore, hold the petition sufficient, reverse the judgment and remand the cause. All concur.

REVERSED.